Fellbush v. Fellbush, Appellant.

| 216 | 141 |
| p221 | 423 |

*Deed—Will—Equity pleading—Equity practice—Responsive answer—Evidence.*

Where, a bill in equity to rescind an instrument in writing, in form a deed, and delivered to the grantee, on the ground that in fact it was a will, sets forth facts sufficient to rebut the presumptions arising from the form of the paper and its delivery, but these facts are specifically denied in the answer, and there is nothing in the paper itself from which it can be conclusively inferred that it was a will, and no evidence is taken to support the averments of the bill, the suit should be dismissed.

Argued April 9, 1906. Appeal, No. 204, Jan. T., 1905, by defendant, from decree of C. P. Luzerne Co., Feb. T., 1904, No. 4, on bill in equity in case of Justus Fellbush v. Frances Fellbush and Frances Fellbush, Guardian ad litem of Lewis Fellbush et al. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity to cancel a paper, in form a deed, but alleged to be a will.

The facts are stated in the opinion of the Supreme Court.

The case was originally heard before DUNHAM, P. J., specially presiding, who recommended a decree dismissing the bill. Exceptions to the adjudication were sustained by LYNCH, P. J., and a decree of cancellation entered.

*Error assigned* was the decree of the court.

*M. J. Mulhall,* for appellants.—The paper is a deed: Knowlson et ux. v. Fleming, 165 Pa. 10 ; Cable v. Cable, 146 Pa. 451; Waugh v. Waugh, 84 Pa. 350; Eckman v. Eckman, 68 Pa. 460 ; Wilson v. Carrico, 140 Ind. 533 (40 N. E. Repr. 50) ; Cates v. Cates, 135 Ind. 272 (34 N. E. Repr. 957) ; West v. Wright, 115 Ga. 577 (41 S. E. Repr. 602) ; Shackelton v. Sebree, 86 Ill. 616.

*W. Alfred Valentine,* with him *G. Fred Lazarus,* for appellee.—An instrument vesting no present interest in property, but passing title after death of the maker, is a will: Frew v.

Clarke, 80 Pa. 170; Coulter v. Shelmadine,' 204 Pa. 120; Habergham v. Vincent, 2 Ves. Jr. 204; Turner v. Scott, 51 Pa. 126; Slegel v. Lauer, 148 Pa. 236.

OPINION BY MR. JUSTICE STEWART, November 2, 1906 :

This case presents a somewhat unusual feature in that, in its final determination in the court below, the pleadings and findings by the judge who heard the case in the first instance, were entirely disregarded, and a conclusion was reached, expressed in the final decree, which rests solely upon judicial construction of the written instrument, the subject of the contention.   The plaintiff alleged in his bill that a certain instrument by him executed, in form a deed of conveyance, duly acknowledged and recorded, was a will; that he had so understood it when he executed it; that he had given it into the possession of the party named as grantee, not by way of delivery, but for safe custody; and that it had been recorded by mistake and without his consent.   The prayer was for the cancellation and surrender of the instrument, on the ground that as the matter stood it was a cloud upon his title to the property described in the instrument.   In the answer filed the material averments in the bill were specifically denied, and in the replication issue was joined on the matters alleged.   Some evidence was taken as to the effect of this outstanding instrument upon the plaintiff's title in the general market, a matter about which there could be no controversy, but not a particle as to the facts in issue.   The learned judge specially presiding at the time, with a correct appreciation of the issue raised by the pleadings in the case, and correctly applying equity rules, held that in the absence of all evidence in support of plaintiff's averments, these being specifically denied in the answer, the denial prevailed and the plaintiff was not entitled to the relief prayed for.   He accordingly ordered the bill to be dismissed.   Upon exceptions taken, and there were many, the learned president judge of the district, before whom the matter then came to be heard, holding, correctly enough, that the question in the case was whether the instrument in question operated as a present conveyance or a testamentary writing, determined from an inspection of the paper and that alone, without any regard to the pleadings, state of proofs or findings, that it was a will, and that it had

been revoked by the bringing of suit. A decree for its surrender and cancellation followed. The appeal is from this decree.

Such summary disposition of the case was unwarranted. The case cited by the learned judge in support of his conclusion, Turner v. Scott, 51 Pa. 126, is an unquestionable authority, and much that is there said is applicable here; but it cannot be contended that the instrument here, the subject of the controversy, contains any such positive or unequivocal expression of purpose as was contained in the instrument there considered. In that case as in this, the instrument was in form a deed, but it contained the following express provision: " this conveyance in no way to take effect until after the decease of the said John Scott, grantor." That the form of the instrument there was allowed to be without any real significance, may be readily misunderstood. The case is no authority for the notion that the form of the instrument is in all cases immaterial. The effort in every case where judicial construction is required, must be to develop the purpose of the maker, to the end that such purpose may take effect, if the rights of others be not prejudiced thereby. Cases arise where by reason of obscurity of expression, such purpose may not readily or definitely be ascertained from the terms of the instrument itself; in such cases the law calls to its aid whatever circumstances there may be in the case from which light may be reflected. Since the distinction in purpose between a deed and a will is so obvious and so generally understood, the fact that the form of one has been adopted rather than the other, is a circumstance which in some cases may be of large significance. What the case of Turner v. Scott, supra, is authority for is, that where the language used in the instrument to express the purpose of the maker admits of but one construction, or has definite legal import, such outside and collateral inquiries have no place in the investigation, for the reason that, in such case, it is not a question of what the party may have meant or intended, but what is the meaning of the words he has used. The instrument there was held, regardless of what outside indications there were of the contrary intent, to be a will, because it expressly declared the purpose of the maker that it—the instrument itself—was to be without effect until his death, thus distinguishing it unmistakably as a

testamentary paper pure and simple. In the cases following
Turner v. Scott, supra, in which the doctrine of the latter has
been applied and the instrument adjudged a will, the restric-
tive phraseology is not always the same, but in no case is it less
explicit in directing that the paper—distinguishing between
the instrument and the enjoyment of the interest given or con-
veyed—is not to operate until after the death of the maker.
An examination of these cases will show that no other con-
struction was possible in any of them, without directly contra-
dicting the language used by the maker to express his purpose
in connection therewith. Certainly this much cannot be af-
firmed with respect to the instrument here. The restricting
clause we are to consider is as follows : " The full intent and
meaning of this conveyance is that Frances Fellbush shall en-
joy the above described premises for and during the term of
her natural life, said life estate to take effect upon the death
of the said Fellbush, grantor herein, and the remainder to go to
the children of the said Justus and Frances Fellbush." To hold
that the restriction here expressed relates to the time when the
instrument is to take effect, may perhaps involve no contradic-
tion of anything expressed. So much may be conceded for
present purposes. Certainly quite as much can be affirmed of
a contrary construction, that would make the restrictive clause
relate to the time of enjoyment of the estate given or conveyed.
It would follow, then, that the instrument is equivocal in regard
to the very thing the law allows to be the determining factor,
viz., the purpose of the maker. It may be conceding much to
admit that the language used in the restrictive clause here lends
itself as readily to one construction as the other ; but so much
being admitted, we are necessarily driven to the consideration
of whatever collateral facts the case presents, in order to de-
velop what the instrument leaves obscure, the intent of its
maker with respect thereto. In such inquiry the fact that the
paper is in form a deed may properly be considered ; and the
further fact, possibly of larger significance, and one which re-
lates to a matter directly put in issue by the pleadings, that
the paper had passed from the hands of the maker into the
hands of the party named as grantee. These same facts were
present in Turner v. Scott, supra, but they could not be con-
sidered there, because the effect would have been to contradict

the unequivocal language of the instrument.   In the present case the plaintiff asks the cancellation of a paper in form a deed, and which, under a construction that at least does no violence to the language used, is capable of operating as a deed, however much it may be capable of operating as a will, and which is in the hands of the grantee, on the ground that he intended it as a will and not as a deed.   The burden resting upon him in such contention was wholly overlooked.   The prima facies were against him, both with respect to the form of the instrument and the possession of it by the grantee.   If he intended it as a will, why did he adopt the form of a deed? If he intended it as a will, why did he hand it over to the party named as grantee ?   He alleged in his bill matters which, if accepted as true, would overcome the adverse prima facies ; but the answer of the defendant denied each material averment, and upon issue joined with respect to these, the plaintiff rested wholly and entirely upon the unsupported averments in his bill. As we have said, this was not a case in which the construction was to be placed upon the instrument in entire disregard of the pleadings, proofs and findings.   The issue was clearly drawn, and there was absolutely nothing offered in support of the averments which were required to be established before the instrument could be declared something different from what it purports to be, and what its distinguishing characteristics clearly indicate it was.   The bill in the first instance was properly dismissed and on proper grounds.   Any other disposition of it would have been in palpable disregard of established rules.

The decree is reversed at the cost of the appellee.