# Fellbush, Appellant, *v.* Egen.

*Deed—Form of paper—Construction—Intention—Evidence—Covenant to stand seized.*

Where an instrument is unquestionably a deed in form, and the language used is fairly capable of only one construction, the intent of the maker must be gathered from his language, and not from evidence dehors the instrument.

It is only where the grantor's words are ambiguous to the extent of being capable of more than one construction that resort can be had to other evidence dehors the instrument to discover his intent.

By a paper styled an indenture in which a husband was mentioned as of the first part, and his wife of the second part, the husband granted and conveyed to the party of the second part certain land described. Following the description of the land were these words: "The full intent and meaning of this conveyance is that the party of the second part shall · enjoy said property for and during the term of her natural life. Said life

estate to take effect upon the death of the grantor herein, and the remainder to go to the children of the said parties of the first and second part." *Held*, that the paper was a deed, which even if it passed no present estate was good as a covenant to stand seized.

Argued April 14, 1908. Appeal, No. 14, Jan. T., 1908, by plaintiff, from judgment of C. P. Luzerne Co., Feb. T., 1907, No. 29, for defendant on case stated in suit of Justus Fellbush v. William F. Egen. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

From the record it appeared that the defendant objected to the title because of a recorded paper, the material portions of which were as follows:

" This indenture made the       day of December, 1901, in the year of Our Lord One thousand nine hundred and one between Justus Fellbush, of the City of Wilkes-Barre, Luzerne County, Penna., of the first part, and Frances Fellbush, his wife, of the same place, on the condition and stipulation below referred to, of the second part.

" Witnesseth, that the said party of the first part, for and in consideration of the sum of one dollar and other good and valuable considerations, said one dollar being lawful money of the United States of America, well and truly paid by the said parties of the second part to the said party of the first part, at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed by these presents, doth grant, bargain, sell, alien, enfeoff, release, convey and confirm, unto the said parties of the second part, the surface and right of soil only of and to the following lot, piece or parcel of land, situate, lying and being in the City of Wilkes-Barre, Luzerne County, Pa., bounded and described as follows : . . . .

" The full intent and meaning of this conveyance is that Frances Fellbush shall enjoy said property for and during the term of her natural life, said life estate to take effect upon the death of the said Fellbush—the grantor herein and the remainder to go to the children of the said Justus and Frances Fellbush.

" Together with all and singular the buildings, improvements, woods, ways, rights, liberties, privileges, hereditaments and appurtenances to the same belonging, or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, property, possession, claim, and and demand whatsoever, both in law and equity, of the said party of the first part, or, in and to, the said premises with the appurtenances, excepting and reserving, however, as aforesaid.

" To have and to hold the said described surface, hereditaments and premises hereby granted and released, or mentioned and intended so to be, with the appurtenances, as herein stipulated unto the said party of the second part, to the only proper use, benefit and behoof of the said party of the second part, excepting and reserving, however, as aforesaid.

" And the said Justus Fellbush and his heirs, executors, and administrators, doth by these presents, covenant, grant, and agree to and with the said party of the second part, that he, the said Justus Fellbush, and his heirs, all and singular, the hereditaments and premises hereinbefore described and granted, or mentioned, and intended so to be, with the appurtenances, unto the said party of the second part, against him the said Justus Fellbush and his heirs, and against all and every other person or persons, whomsoever, lawfully claiming or to claim the same or any part thereof, subject to the reservations herein before set forth shall and will warrant and forever defend.

" In witness whereof, the said party of the first part to these presents hereunto set my hand and seal. Dated the day and year first above written.

" Justus Fellbush."   [seal.]

The court entered judgment for defendant on the case stated.

*Error assigned* was in entering judgment for defendant on the case stated.

*W. Alfred Valentine,* with him *G. Fred Lazarus,* for appellant.

No paper-book or argument, for appellee.

PER CURIAM, May 18, 1908:

This case is clearly ruled by Fellbush v. Fellbush, 216 Pa. 141. It was there held that the instrument in question is a deed. It is unquestionably a deed in form, and where the language used is fairly capable of only one construction, as it is here, the intent of the maker must be gathered from his language. It is sometimes said that the question is not what he may have meant, but what is the meaning of his words, a most unfortunate form of expression, for the construction must always be according to his actual intent, whatever the words used, but where the meaning of his words is clear his intent is to be gathered solely from them. It is only where his words are ambiguous to the extent of being capable of more than one construction that resort can be had to other evidence dehors the instrument to discover his intent. In 216 Pa. it was clearly held that the instrument is a deed, and even conceding (what is not an allowable concession) that it was capable of more than one construction, there was no evidence dehors to rebut the prima facie character.

As to the technical objection that no present estate passed from the grantor, even if that were of more weight than it is, the deed would be good as a covenant to stand seized.

Judgment affirmed.