## Brooklyn Trust Company, Trustee, v. Warrington.

*Wills—Construction—Parol evidence—Inadmissible to correct mistake of scrivener's stenographer.*

1. Parol evidence is inadmissible to prove that through a mistake of the stenographer, to whom the will was correctly dictated by the attorney, a property which testatrix did not own was substituted for one which she had specifically devised, and that she signed the will without reading it; the purpose of the evidence being to substitute the latter property for the former, and thus carry into effect her intention and avoid having the property intended to be specifically devised pass under the residuary clause.

*Ejectment—Affidavit of defence—Assessment of damages by prothonotary.*

2. An affidavit of defence setting up such a defence by the specific devisee in an action in ejectment by the residuary devisee is insufficient.

3. When plaintiff in ejectment avers in the statement of claim that he has lost mesne profits amounting to $1500, and has sustained damages in that sum, and the averment is not categorically denied in the affidavit of defence, it is unnecessary to send the case to a jury to determine the damages, and the prothonotary may assess them.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 3, Phila. Co., June T., 1922, No. 748.

*H. A. Hoefler,* for rule; *I. G. Forster,* contra.

McMICHAEL, P. J., Oct. 27, 1922.—This is a rule for judgment for want of a sufficient affidavit of defence.

The Brooklyn Trust Company, trustee for Mary E. Young, Gladys S. Young and Eloise M. Young, under the will of Mary E. Brown, deceased, brought this suit in ejectment against Mary T. Warrington to obtain title to, and possession of, premises No. 1204 South Carlisle Street, in the City of Philadelphia.

The plaintiff in its statement of claim and abstract of title avers that it claims title to, and right of possession of, the premises No. 1204 South Carlisle Street. The plaintiff's statement set up that Mary E. Brown, the owner of the premises, died Sept. 14, 1919, leaving a will dated Oct. 17, 1918, duly admitted to probate as her last will and testament by the Surrogate Court of New York City and County, State of New York, and registered there.

By section 10 of the will testatrix devised the rest, residue and remainder of her estate, real and personal, of whatsoever kind and wheresoever situate, in trust for her three nieces, of which trust, by section 11 of said will, the plaintiff was made trustee; that the premises in question are a part of the residuary trust estate; that plaintiff has lost mesne profits and sustained damages in the sum of $1500.

The defendant filed an affidavit of defence and abstract of title, admitting the facts set forth in the plaintiff's statement and abstract, with the exception that she denied plaintiff's right of possession of and title to the premises in question. That by section 4 of said will testatrix provided:

"IV. I give, devise and bequeath unto my friend Mary T. Warrington, now of 3518 Spring Garden Street, Philadelphia, Pennsylvania, my real estate and property known as 1208, 1210 and 1212 South Carlisle Street, Philadelphia, Pennsylvania, and also the sum of $2500."

That Mary E. Brown did not own premises No. 1208 South Carlisle Street, but she owned premises Nos. 1204, 1210 and 1212 South Carlisle Street.

The affidavit goes on to say that the testatrix gave specific instructions to her lawyer charged with the making of her said will that it was her intent and desire to bequeath premises No. 1204 South Carlisle Street to the defend-

ant, and said lawyer dictated it to his stenogapher as Nos. 1204, 1210 and 1212 South Carlisle Street, and by error of said stenographer, who typewrote same, the number 1208 was substituted for 1204, and subsequently the testatrix came to her lawyer's office, while he was out, and signed the will without reading it.

We are of opinion that the defence set up is invalid, and that testimony to support it could not be admitted at trial.

In Pennsylvania, if a clear meaning is expressed in a will, parol evidence is not competent to explain the meaning of the testator or to qualify or change an intent clearly expressed therein. In Wallize v. Wallize, 55 Pa. 242 (1866), it was sought to be proved by the scrivener that the names of certain children of testator intended to be put in the will were omitted therefrom by the scrivener by mistake. The Supreme Court of Pennsylvania held that parol evidence for that purpose was inadmissible.

In Willard's Appeal, 68 Pa. 327 (1871), Sharswood, J., delivering the opinion of the court, said: "In regard to the admissibility of the parol evidence of Henry F. Snyder, the scrivener who drew the will of William Waldo Willard, as to his understanding of what the testator intended, it would be in the teeth of every precedent, and a virtual repeal of the act of assembly, which required all wills to be in writing."

In Beaumont's Estate, 214 Pa. 445, Mr. Justice Stewart, delivering the opinion of the Supreme Court, says: "Having from an inspection and analysis of the paper determined it to be a will, the evidence offered to show an omission by mistake cannot be considered. The paper as written must speak for itself: Wallize v. Wallize, 55 Pa. 242."

In the case of Robinson v. Williams, 1 W. N. C. 337 (1875), not reported in Penna. State Reports, wherein decedent devised one-half of the woodland lying south of the old wood road and north of Damon Stevens, plaintiff brought ejectment "for that portion of the woodland estate of Joseph Robinson, deceased, lying northwest of the old wood road and north of Damon Stevens," and offered parol evidence to show that the testator had intended to devise one-half of the woodland "lying northwest of the old wood road," and that the word "south" had been written by mistake, which offer was rejected. The Supreme Court held: "This is not a case for the application of the principle that parol evidence may be given to identify the thing described in the will; but the purpose of the offer was, in fact, to change the terms of the will and to substitute one thing for another; in other words, to change the word 'south' and make it read 'north,' and thereby alter the subject of the devise."

On the authority of these and other cases, we are of opinion that parol evidence would not be admissible to prove a mistake of the scrivener or attorney. It is to be noted, and this has weight in determining our judgment, that the residuary clause includes other real estate not otherwise devised, and this includes No. 1204 South Carlisle Street.

We think, without going into a more lengthy discussion of the question, that the plaintiff is entitled to judgment. In entering the judgment, the prothonotary will have to assess the damages for the loss of the mesne profit. The plaintiff avers that it has lost the mesne profit of said premises, which it hereby claims in the sum of $1500, and that it has sustained damages in the said sum. The averment in the affidavit of defence is: "Denied for the reasons appearing more fully hereinafter;" and in the defendant's brief it is said: "The sole question to be determined in this case is whether the plaintiff or defendant is entitled to take premises No. 1204 South Carlisle Street by virtue of the will of Mary E. Brown, deceased, which will was duly probated

2 D. & C.

Brooklyn Trust Company, Trustee. *v.* Warrington.

both in the State of New York and the State of Pennsylvania." We think it is unnecessary to send the case to a jury trial merely to determine the amount of the mesne profit, which amount is asserted by the plaintiff to be $1500, and not categorically denied by the defendant's affidavit of defence.