## Cheroka *v.* Tobolski, Appellant.

Argued November 10, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Edwin Fischer,* for appellant.

*Angelo T. Scaricamazza,* with him *Thomas J. Minnick, Jr.,* for appellee.

OPINION BY KENWORTHEY, J., January 28, 1943:

The appeal presents a very narrow question. On February 26, 1935, plaintiff who was then Julia Tobolski, conveyed to appellant, her son, the property located at 2223 Orianna Street, Philadelphia. The deed contained the following reservation: "Under and subject, nevertheless, to a certain estate in the aforementioned premises, which the said Julia Tobolski does hereby reserve unto herself for and during the term of her natural life, and the natural life of Theodore Cheroka so long as he shall remain unmarried after demise of the said grantor, Julia Tobolski."

The deed was executed and delivered at a time when plaintiff was a widow but contemplated the marriage with Cheroka which was subsequently consummated. After living in the property about three years, she vacated it. Appellant contends that by the deed his mother reserved to herself and her future husband the right to *occupy* the property only; that by vacating it the right was lost.

The deed was prepared by Thomas J. Minnick, Esq., an experienced lawyer who tried the case below, and who offered to take the stand and testify that he intended to reserve a *life estate.* The court below concluded that was unnecessary—that the language was so clear and unambiguous that oral evidence would be irrelevant. The court said: "The plaintiff established to the satisfaction of the court that her intention was definitely understood at the time of the execution of the deed both by herself and her son ...... The true intent and meaning of the instrument is set forth in the instrument, and there is no ground for ambiguity.

There is neither obscurity, doubt, nor uncertainty, for the words themselves have a distinct and clear meaning that are capable of but one honest interpretation."

In order to create or reserve a life estate the use of any particular phrases or words of art is not required. Restatement, Property, §107(e). Omitting unnecessary language, what plaintiff plainly reserved was an "estate ...... for and during the. term of her natural life." It is difficult to conceive words which would be more appropriate. The language in *Chappel v. Row,* 9 Pa. 72, the case upon which appellant relies, is in revealing contrast. There the grantor reserved to "the use of his father and mother the *possession* of the land during the lives of the said father and mother *as a home or residence for them."* (Italics supplied).

Although there was a dispute about details, there was evidence that when plaintiff vacated the property, she was given a lease for life, at a rental of $5 per month, of an apartment in another property owned by appellant. The suggestion, in the alternative, is that this was either in exchange for the previous life estate or that it indicated plaintiff, by her conduct, construed the reservation as merely a right of occupancy. The contentions are without merit. One does not terminate a life estate in property by accepting a lease of another property where there is no reference in the lease to the life estate and therefore nothing to effectively extinguish it. And, as we have already indicated, we think the language so clear that it was not subject to interpretation or construction by the subsequent conduct of the parties. *Witman v. Stichter et al.,* 299 Pa. 484, 149 A. 725; *Fellbush v. Egen,* 221 Pa. 420 70 A. 816.

The decree is affirmed, costs to be paid by appellant.