## In re Shapley's Deed of Trust

Before Van Dusen, P. J., and Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

124

126

*E. C. Shapley Highley*, for exceptants.

*Joseph Klapp Nicholls*, for Howard Wilson Taylor, II, and Theodore Collins Taylor, contra.

*Craig M. Sharpe* and *Shippen Lewis*, for Kathryn S. Lucas, contra.

BOLGER, J., June 8, 1945. — Was the writing in question testamentary? Was it the maker's legal intention to make a will? See Wenz's Estate, 345 Pa. 393, and Wilbur Trust Co. v. Knadler et al., 322 Pa. 17. The definition of a will or of a testamentary instrument as a written disposition of property effective at the death of the maker is not satisfactory when applied to instruments such as the instant one. The cases cited by all counsel in support of their several positions generally include provisions effective after the settlor's death and yet our appellate courts have classified them under different categories. Exceptants cite Beaumont's Estate, 214 Pa. 445, Turner et al. v. Scott, 51 Pa. 126, Frederick's Appeal, 52 Pa. 338, Rick's Appeal, 105 Pa. 528, Hurley's Estate, 16 D. & C. 521, Lines'

Estate, 155 Pa. 378 and Leffmann's Estate, 17 D. & C. 594, etc. In all of these cases the courts ruled that the instruments were wills. On the other hand in Meck's Appeal, 97 Pa. 313, Kisecker's Estate, 190 Pa. 476, Windolph v. Girard Trust Co., 245 Pa. 349, Fellbush v. Egan, 221 Pa. 420, Beirne v. Continental-Equitable Title & Trust Co., 307 Pa. 570, Petty's Estate (No. 1), 311 Pa. 362, Fidelity Trust Company et al. v. Union National Bank, etc., et al., 313 Pa. 467, Reese's Estate, 317 Pa. 473, and other later cases, the instruments were held to be nontestamentary. From this résumé, it would appear that if every instrument containing a disposition effective upon death were declared to be testamentary there would be very few if any of them held to be inter vivos deeds of trust. Therefore, the definition as given is inadequate. 1 Jarman on Wills (7th ed.) 29, adds the requirement that the writing "be in its own nature ambulatory . . . " Our cases accept this test, but generally apply it in the negative sense, i. e., they pose the question whether the settlor divests himself of something presently; if he does not transfer some property right, the instrument is classified as testamentary. Illustrating, in Tunnell's Estate, 325 Pa. 554, the owner of personal property, in declarations of trust which he retained and the existence of which he kept secret, reserved to himself not only the income for life and power of revocation, but as well full power "to sell, transfer and assign the bonds at any time to any person". Although other beneficiaries were named, their interests did not arise until the declarant's death. The court said that the declarant had parted with nothing and that the trustee was really only his own agent. In Frederick's Appeal, supra, the writing was held to be a mere power of attorney. In both cases the writings were held to be testamentary. Tunnell's Estate, supra, cites section 57(3) of the A. L. I. Restatement of Trusts.

However, if the owner of personal property transfers it to another under an instrument in which, after reserving a beneficial estate in himself for life, he provides gifts in remainder which constitute present interests, although those interests do not take effect in enjoyment until the death of the owner, the trust is not testamentary. The A. L. I. Restatement of Trusts contains a declaration of this principle which is applicable to and governs this case. Section 56, comment (f), reads as follows:

"f. *Postponement of enjoyment until settlor's death.* If by the terms of the trust an interest passes to the beneficiary during the life of the settlor, although the interest does not take effect in enjoyment or possession before the death of the settlor, the trust is not a testamentary trust, except as stated in §57 (2, 3). The disposition is not testamentary and the intended trust is valid, even though the interest of the beneficiary is contingent upon the existence of a certain state of facts at the time of the settlor's death."

The principle, insofar as it applies to a gift of vested remainders, embodies the Pennsylvania doctrine which is contained in the cases listed in the Restatement's Pennsylvania 1939 Annotations, including Greenfield's Estate, 24 Pa. 232, 1855, to Beirne v. Continental-Equitable Title & Trust Co., supra (1932).

In the instant case, as the auditing judge pointed out, the gift in remainder is vested. Wilson et ux. v. Anderson et al., 186 Pa. 531, where the gift over was similar to that in the instant case, contains a splendid statement on the subject (pp. 536-37):

". . . there was an absolute vesting of the equitable estate in his brothers and sister, subject only to his life enjoyment of the income. This estate did not depend on a contingency, something which might or might not happen; the commencement of the period of enjoyment was uncertain, only because, while the fact of his death was certain, the date of it was not. A

present equitable title vested in the beneficiaries immediately, which in the future would merge with the legal title, which latter was to be conveyed to them on the grantor's death. Every word in the deed is an apt one, as expressing a present intention to irrevocably convey a present estate to be enjoyed in the future. There is no ambulatory quality in a deed; the postponement of enjoyment does not make the instrument ambulatory, when such postponement is in express terms, and does not result from the nature of the instrument. A will is ambulatory, revocable, subject to change, because it is a will, and takes effect only at death of testator; a deed takes effect when delivered to the grantee. And the estate granted vests at once in the beneficiaries in the absence of negative words, even if the period of enjoyment be postponed."

It is true that in the cited case and in others like it the trust was irrevocable. However, recent cases have rendered that incident unimportant.

Until very recently the presence of a power of revocation in the deed such as exists here was fatal to its status as an inter vivos trust: Frederick's Appeal, 52 Pa. 338; Chestnut Street National Bank v. Fidelity Insurance, Trust & Safe Deposit Co., 186 Pa. 333; Beaumont's Estate, 214 Pa. 445; Hurley's Estate, 16 D. & C. 521, etc. As stated by Gibson, C. J., in Greenfield's Estate, 14 Pa. 489, 495: "But according to all the proofs, the very object of resorting to a trust deed, was to make disposition unalterable". Whether or not this change is due to a new concept placed by our appellate courts upon the developments in the construction and operation of deeds of trust, there has been a new light shed upon the weight to be given to the reservation of a power of revocation. This change is expressed in section 57(1) of the A. L. I. Restatement of Trusts:

"Where by the terms of the trust an interest passes to the beneficiary during the life of the settlor, the trust is not testamentary merely because the settlor re-

serves a beneficial life estate or because he reserves in addition a power to revoke the trust in whole or in part and a power to modify the trust."

Pennsylvania employs this rule in Beirne v. Continental-Equitable Title & Trust Co., 307 Pa. 570. Justice Simpson said (p. 576) :

"The fact that the settlor could have revoked the trusts at any time is a matter of no moment, since he did not in fact revoke them."

In Murphey et al. v. C. I. T. Corp., 347 Pa. 591, Justice Stern stated (p. 595) :

"If the right of revocation is not actually exercised the validity of the trust remains as unaffected as if the power had not been reserved."

In Reese's Estate, 317 Pa. 473, the same conclusion was reached where the deed authorized withdrawals from principal by the settlor at any time. Therefore, the instant deed in granting a present interest in remainder to the settlor's sisters, following the reserved life estate, even though enjoyment was to be postponed until the settlor's death, fulfills the requirements of the more recent definition of inter vivos trusts. Accordingly, we held it to be nontestamentary and unaffected by the provisions of the settlor's will.

The language of the revocation clause defining the manner in which that power was to be exercised is very definite:

"Fourth. I hereby reserve to myself the right to revoke, alter or amend this agreement, in whole or in part, by proper instrument or instruments in writing, executed by me and lodged with the trustee."

The rigidity of the rule requiring exact compliance, as pointed out in the adjudication, was not fulfilled by the executor filing a certified copy of the will with the trustee following testator's death. Revocation, if effected at all, had to be performed by the settlor in his lifetime: Reese's Estate, supra; Justice's Estate, 50 D. & C. 532; Lau's Estate, 27 D. & C. 157. It is reasonable

to conclude, therefore, that this requirement negatives the conclusion that the settlor regarded the instrument as testamentary.

The exceptions are dismissed and the adjudication is confirmed absolutely.

The caption of this case should be "In re Deed of Trust of M. Alice Shapley, Settlor."