# Commonwealth Trust Co. *v.* DuBruille, Appellant.

*Wills—Precept to Common Pleas—Issue—Verdict—Questions of law—Jurisdiction, O. C.—Appeal.*

1. Where on the trial of a feigned issue to determine the validity of a will the jury answered the questions submitted in favor of the proponents, and the evidence, though conflicting, was sufficient to warrant the verdict, a judgment thereon will be affirmed.

2. On appeal from a judgment of the Common Pleas on a verdict for plaintiff, rendered at the trial of an issue awarded to determine certain questions of fact relating to the execution of a will, the question whether the facts as found showed a proper execution under the Act of 1833 is one of law, which was for the Orphans' Court, not for the Common Pleas, in the first instance, to decide, and which therefore could not be passed upon in the Supreme Court until the findings of fact had been certified to the Orphans' Court, and the question had been decided there.

Argued Oct. 22, 1913. Appeal, No. 70, Oct. T., 1913, by Jane Brock DuBruille and Ida M. Brock, from judgment of C. P. Allegheny Co., Oct. T., 1912, No. 306, on verdict for plaintiffs in case of Commonwealth Trust Company, Guardian of Louis Brock DuBruille, and Gail Hare, v. Jane Brock DuBruille and Ida M. Brock. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Issue to determine the validity of a will. Before DAVIS, J.

From the record it appeared that the Orphans' Court had ordered a precept to the Court of Common Pleas to try certain questions of fact. The questions and answers of the jury thereto were as follows:

1. Is the signature attached to the paper dated March 29, 1906, purporting to be the will of Cyrus C. Brock, deceased, his signature?

Answer: Yes.

2. Did Cyrus C. Brock write the words written on the reverse side of the patch?

Answer: Yes.

3. If the signature on the patch is the signature of Cyrus C. Brock, did he attach the patch to the paper, or authorize anyone to attach it for him?

Answer: Yes.

The court entered judgment on the verdict. Defendants appealed.

*Errors assigned* were various instructions to the jury.

*F. P. Iams,* with him *J. D. Iams,* for appellants.

*James G. Hays,* for Gail Hare, with him *George H. Stengel,* for Commonwealth Trust Company, Guardian of Louis Brock DuBruille, appellees.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

In the present case we have only to do with the trial of the disputed questions of fact submitted by the Orphans' Court to the Court of Common Pleas. Under its precept the Orphans' Court submitted three distinct and separate questions relating to the execution of the paper purporting to be the last will and testament of Cyrus C. Brock, deceased, for the determination of a jury in the Court of Common Pleas. The jury found all the facts submitted in favor of the proponents of the will, and unless there was reversible error in the submission, the findings must be considered conclusive as to the facts submitted. Appellants contend that the evidence was not sufficient to warrant some of the findings and that a verdict should have been directed in their favor. With this contention we cannot agree. While the evidence may have been conflicting, it was ample to sustain every finding, and it would have been error to have withdrawn the case from the jury, or to have directed a verdict in favor of any of the parties. The case was care-

fully tried and the parties were given full opportunity to present every item of evidence which was material or relevant to the questions submitted. After a careful review of the whole record we have failed to discover any error that would justify a reversal of the judgment.

It is argued for appellants that the facts found by the jury in favor of the proponents of the will are not sufficient to show a proper execution of the will under the Act of April 8, 1833, P. L. 249. This position is the main reliance of their learned counsel. It need only be said by way of answer that this is a question of law for the Orphans' Court and not for the Court of Common Pleas. All of the questions argued here as to what constitutes a proper execution of a will, may be raised in the Orphans' Court when the findings of fact in the Common Pleas have been properly certified. Appellants will not be concluded by anything decided in the present case from raising the questions of law relating to the effect to be given the instrument purporting to be the will of the deceased, and whether it was properly executed as required by law. But in considering these questions, the facts found by the jury must be accepted as conclusively established.

Judgment affirmed.