# Hoffert's Estate.

*Wills—Joint wills—Will or contract—Husband and wife—Specific performance.*

Where a husband and wife owning real estate by entireties, execute jointly a paper which they designate as a will, and which in its general form and terms is a will, and state therein that they "have agreed to and with each other, and do hereby will, direct and devise," and that if they do not sell the real estate owned by them in the lifetime of either, the said real estate shall vest on death of the survivor, in a son of the wife by a former husband, or' if he be dead to his children, and there is no provision for revocation in the paper, the writing so executed will be construed as a will of both husband and wife, and if the husband survives the wife and makes a will by which he devises the property in question to his

own relatives, the children of the stepson then deceased cannot maintain proceedings against the husband's executor to compel the specific performance of an alleged contract made by the decedent in the joint writing between himself and his wife for the benefit of such children.

Argued Oct. 16, 1916. Appeal, No. 104, Oct. T., 1916, by Frederick C. Dussoulas, Executor, from decree of O. C. Philadelphia Co., Oct. T., 1915, No. 12, awarding specific performance in Estate of William T. Hoffert, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Petition for specific performance. Before ANDERSON, J.

The opinion of the Superior Court states the case.

*Error assigned* was decree awarding specific performance.

George J. Edwards, Jr., for appellants—The writing was a will: Meyers' Est., 232 Pa. 89; Beihl v. Martin, 236 Pa. 519; Fisher v. Strickler, 10 Pa. 348; Taylor v. Mitchell, 87 Pa. 518.

We submit that the case at bar is ruled by Crawley's Est., 136 Pa. 628.

The only other Pennsylvania cases involving joint, double, mutual, reciprocal or twin wills, as instruments of this and similar types have been called, are all lower court cases and are as follows: Donaldson's Est., 11 Pa. C. C. R. 311; Lowes' Est., 35 Pitts. L. J. 181; Vogel's Est., 27 Pitts. L. J. 80.

R. W. Archbald, Jr., of Ehrlich & Archbald, with him Lewis H. Van Dusen, for appellee.—This is a proceeding for specific performance of a contract. That contract was an agreement between husband and wife that certain proper ty owned by them jointly should go to a third person after the death of the survivor; and that certain

515, (1917).]    Arguments—Opinion of the Court.

other property owned by each separately should go to the survivor and after his death to this same third per son. As each party retained the right to dispose of the property in his or her lifetime, it was necessary that the disposition intended should be made by will. Accordingly they proceeded to carry out their agreement in the same paper by making it the last will of each of them; and it was in fact probated as the will of the one who first died. The paper was, therefore, in effect not merely the will of each, but his or her agreement that it would remain the last will of each.

The one who died last revoked it as his will by making another will. But he could not revoke it as a contract. The case of Cawley's Est. is perfectly sound, but not applicable here. It was a proceeding to probate the paper as the will of the last one who died after it had been revoked by a later will.

It is abundantly established by authority that a contract to give property by will in a certain way, if upon sufficient consideration, is valid and enforceable.

OPINION BY ORLADY, P. J., March 9, 1917:

This proceeding was instituted, to compel the specific performance of an alleged contract made by the decedent, which is contained in a writing executed by the decedent and his wife, Margaret M. Hoffert. The writing in question is signed and sealed by Margaret M. Hoffert and William T. Hoffert, dated November 4, 1891, its opening paragraph being as follows: "This is the last will and testament of us, William T. Hoffert, of the City of Philadelphia, teamster, and Margaret M. Hoffert, (wife of said William T. Hoffert), and of each of us, hereby revoking all others heretofore made by us or either of us."

The controlling clauses in the writing are as follows: "Whereas we have agreed to and with each other, and do hereby will, direct and devise that if we, or the survivor of us do not in our lifetime or in the lifetime of

the survivor of us sell and dispose of the said premises then, and in that case the said premises immediately on the death of the survivor of us shall vest in, and we and each of us do devise the same unto William Mullineaux, (son of the said Margaret M. Hoffert) if he be then living in fee simple. If he is then deceased the said premises shall go to and we and each of us do devise the same to his children in fee simple. And as respects all and every other property real, personal and mixed whatsoever and wheresoever situate which we may own at the time of our respective deaths we and each of us give, devise and bequeath the same to the survivor of us in fee simple and absolutely and the said survivor of us, whomsoever, doth hereby give, devise and bequeath the property of the said survivor real and personal immediately after the death of the said survivor of us, unto the said William Mullineaux. if he is then living in fee and absolutely, but if he is then deceased we give bequeath and devise the same to his children, and we do hereby appoint the survivor of us to be the Executor of the one of us first deceasing and upon the death of the survivor of us do appoint the said William Mullineaux to be the Executor of this will."

Margaret M. Hoffert died June 25, 1913, and the writing above quoted was probated as her will, by which her husband was given her entire personal estate, and by her death he became absolutely seized of a property known as 1806 Taylor street, by virtue of the fact that he was the survivor of the grantees named in the deed for that property. No real estate passed under the will of Margaret M. Hoffert. William T. Hoffert died March 12, 1915, and his will dated May 8, 1914, was duly probated.

The petitioners pray that the executors of the deceased husband be directed to execute and deliver a deed of conveyance for the designated premises on the ground that the will of William T. Hoffert and his wife was not merely a joint will, but an agreement by the husband and wife whereby, in consideration of the testamentary

gift of the individual estate of each to the other, the premises passed to the petitioners on the death of the survivor.

The defense is, that the paper was a double and joint will, and revocable by either at pleasure. After answer and full hearing, the court entered a decree directing that the executor should execute the deed as prayed for.

The writing in dispute was distinctly designated by the testators as "the last will and testament of us and each of us, hereby revoking all others heretofore made by us or either of us."

William Mullineaux died before his mother, which event was anticipated by the provision "if he is then deceased the said premises shall go to, and we and each of us devise the same, to his children in fee simple." There was no limitation imposed in the will as to its revocation, nor is there any contractual claim stated by which either is obligated to hold any interest for the use of any contemplated beneficiary. In disposing of the residue of their estates, it was provided "We and each of us, devise and bequeath the same to the survivor of us in fee simple and absolutely." The writing provides that the survivor shall be the executor of "the one of us first deceasing," and upon the death of the survivor William Mullineaux is designated as the executor "of this will." The general construction of the paper, the language used, the manifest purpose of the testators, deals with the subject-matter before them as their last will and testament, and not in any form a contract.

Its attestance is in the usual form "signed, sealed, published and declared by the said testator as and for their and each of their last will and testament in our presence, who at their request and in their presence and in the presence of each other have heretofore subscribed our names as witnesses."

The words relied on by the appellees "Whereas we have granted, and do hereby agree to and with each other," are perfectly consistent with the construction that the

paper was considered by them as their last will and testament. It is not suggested by the paper that they agreed to give the property to William Mullineaux, nor is there any consideration mentioned for such a conveyance. They did provide, "We and each of us do devise the same unto William Mullineaux," but this was not conclusive. The writing could have been destroyed, or any of the provisions revoked at any time prior to the death of Mrs. Hoffert. There was no change in the relation of the parties to the devised property by reason of the making of this will, no advantage or benefit was received by either that would be considered a consideration for a contract.

We feel that the reasoning of WILLIAMS, J., in Cawley's Est., 136 Pa. 628, answers the appellant's argument —"It is important to a correct understanding of the real ground of controversy, to bear in mind the peculiar characteristics of a contract, and those of a will. A contract is an agreement between parties for the doing or not doing of some particular thing. The undertaking of one party is made in consideration of something to be paid or done by or on behalf of the other party, so that the obligation to do, and the right to require performance, are reciprocal. A will, on the other hand, is simply a statement of the purpose or wish of the maker as it exists at the time. As often as his purpose or wish changes, he may change the expression of it."

In "Rood, on Wills," Sec. 70, we find—"In the nature of things, a will cannot be the will of more than one person; it cannot be joint. It must take effect on the death of the maker, and not before. If it becomes effective before, it is not a will; if it cannot take effect then, it cannot take effect at all. This makes a joint will impossible; for one of several persons cannot die for all; they cannot arrange to die simultaneously; and if such a thing should happen, the deaths would be none the less several. Contracts may be joint, for it may be agreed that a joint delivery shall be made by one for all.

Therefore a joint will is an instrument unknown to the law. Yet there is no reason why several persons may not execute the same paper as expressing the disposition of their property, which they desire to have made after their deaths, whether the property thus disposed of be owned by them severally or jointly; and such will should be and generally have been sustained—not as the joint will of all, but as the several will of each."

In Page on Wills, Sec. 69, it is said, "The weight of authority is to the effect that joint and mutual wills are as revocable as other wills are."

In Williams on Executors, p. 10, the same thought is stated, viz: "It is also a peculiar property in a will, ......that by its nature it is in all cases a revocable instrument, even should it, in terms be made irrevocable; for it is truly said, that the first grant and the last will is of the greatest force.

"Another essential difference between a will and a deed may be mentioned, that there cannot be a conjoint or mutual will; an instrument of such a nature is unknown to the testamentary law of this country. But there are several authorities which appear to show that this doctrine does not go further than to deny that conjoint or mutual wills can be made with the characteristic quality of being irrevocable, unless with the concurrence of the joint or mutual testators. Such a will is certainly revocable. But if either of the testators die without revoking it, the will is valid and entitled to probate as far as respects his property." 1 Jarmon on Wills (6th ed.), 41; Theobald on Wills (7th ed.), 16; Schouler on Wills, Sec. 456. The decree of the Orphans' Court is reversed, and the petition dismissed.