## McGrory et al., Appellants, v. Fisher.

*Wills—Testamentary intent—Burden of proof—Parol evidence—Conflicting evidence—Erasure—Alteration—Time of making.*

1. Where a writing alleged to be testamentary in character is offered for probate and does not clearly disclose testamentary intent, the burden of proving such intent is upon the proponents of the will, where the validity thereof is questioned.

2. Where the paper offered showed plainly the fact of an alteration which was material, as it affected the words upon the paper which were essential to its validity as a will, and proponents testified that they saw testator write the paper and neither of them saw him make any alteration, and there was testimony to show that the alteration was made sometime afterwards, and this testimony was strengthened by an inspection of the paper itself, the time at which the alteration was made was for the jury.

3. Where in such case the alleged will consisted of a list of various items of property and opposite one of the smaller items were the words "For Ev and Anna," and such words appeared to have been written over an erasure and were the only words in the will which proponents claimed showed testamentary intent, a finding that the paper was in testator's handwriting, but that he did not intend that it should take effect as his will was justified, and judgment was properly entered for the contestant.

4. There was nothing to show what property, if any, was to be taken, or when.

Argued Oct. 10, 1917.  Appeal, No. 87, Oct. T., 1917, by plaintiffs, from judgment of C. P. Allegheny Co., July T., 1916, No. 366, on verdict for defendant, in case of Evolen M. McGrory and Anna H. McGrory v. Sadie Fisher.  Before MESTREZAT, POTTER, STEWART, MOSCH- ZISKER and WALLING, JJ.  Affirmed.

Feigned issue to determine the validity of a paper offered as a will.  Before EVANS, J.

From the record it appeared that the issue was framed to determine whether or not a paper writing offered for probate as the will of P. McGrory, deceased, was in his handwriting and was intended by him to take effect as his will.  The plaintiffs and defendant were the sisters of decedent and comprised all of the parties entitled to distribution of his estate.  It was admitted by contestant in the Orphans' Court that all of the paper writing in controversy was in the handwriting of decedent with the exception of the words "For Ev and Anna," and contestant also denied that decedent intended the writing to take effect as his last will and testament.  The precept directed the trial of two questions: "First, Whether or not the words 'For Ev and Anna,' now appearing in the paper writing dated August 10, 1914, offered for probate as the last will and testament of P. McGrory, deceased, are in said decedent's handwriting; and Second, Whether or not the said P. McGrory, deceased, intended that the said paper writing dated August 10, 1914, and offered for probate should take effect as his last will and testament."

P. McGrory, the testator, died on October 15, 1915, unmarried, at the age of 34 years.  He was a locomotive engineer, and lived in East Carnegie, Allegheny County, with two of his sisters, Evolen McGrory (commonly known as Ev), and Anna H. McGrory, for whom he had furnished a home for several years prior to his death. The remaining sister, Sadie Fisher, contestant, had married, and for at least eight years prior to the death of P.

McGrory had lived with her husband in Borough of Sheraden, Allegheny County, Pennsylvania.

On August 10, 1914, the family resided together in East Carnegie, and consisted of P. McGrory and his two sisters, Evolen and Anna. It was customary for decedent to take his train out in the morning and return to his home about 12 o'clock; when he would continue at home until 4:30 in the afternoon. On August 10, 1914, decedent sat down in his dining room after lunch in the presence of his sisters, Ev and Anna McGrory, and wrote the paper which was offered in this case as his will. The paper which he used had been procured by him from a real estate office. He said that he was going to make his will, and after writing it out and signing it, explained to his sisters concerning the property which he had listed upon the paper and told them that the paper was his will, and that if anything happened to him that was for his sisters, Anna and Evolen. It did not appear what was done with the paper by testator after executing the same until September 14, 1915, when he showed it to his physician, Dr. James A. Hamma, who was attending him at that time for the disease which resulted in his death a month later. The paper was found on November 1, 1915, after decedent's death, in the inside pocket of a pass book or pocket book in his working coat pocket, placed in this pass book directly back of the railroad pass which he invariably carried with him. It was then taken by Anna McGrory who had found it, to Dr. James A. Hamma, and after showing it to him she delivered it to Harry Reingrover, a real estate man, who had charge of the collection of the rents from the decedent's real estate and by him it was taken to the office of James R. Bell, Esq., and offered for probate.

The paper upon which decedent wrote his will showed an apparent erasure where the words: "For Ev and," are written. It did not appear, however, from the testimony, when this erasure was made.

The jury answered the first question set forth in the

precept in the affirmative and the second question in the negative.

The court entered judgment for defendant on the verdict.

*Errors assigned* were in refusing to direct a verdict for plaintiffs and in refusing to enter judgment for plaintiffs n. o. v.

*Samuel A. Schreiner,* with him *James R. Bell* and *John L. Ralph,* for appellants.—Under the evidence, binding instructions should have been given on the question whether testator intended the paper offered for probate to take effect as his will: Tozer v. Jackson, 164 Pa. 373; Kisecker's Est., 190 Pa. 476.

In the absence of any evidence as to the time of erasure, except the opinion of the handwriting expert based upon no reasonable grounds, it was error for the court to charge the jury that assuming the will to be in decedent's handwriting they must determine whether or not such erasure occurred subsequent to publication: Wikoff's App., 15 Pa. 281; Morrow's Est., 204 Pa. 479; Gongaware et al. v. Donehoo et al., 255 Pa. 502.

*Ernest C. Irwin,* with him *Watson & Freeman,* for appellee.—The paper does not prove itself, but requires extraneous evidence to show that the deceased intended it to be a will.

It was clearly for the jury to determine whether the evidence showed that the deceased intended the paper in question to be his last will and testament, and the court could not have given binding instructions for the proponents: Cobb v. Metropolitan Life Insurance Co., 19 Pa. Superior Ct. 228; Coal & Navigation Co. v. Evans, 176 Pa. 28; Lautner v. Kann, 184 Pa. 334.

The evidence relating to the alteration of the alleged will, makes it clearly a question for the jury.

The alleged will is not testamentary in character and

cannot be converted into a will by oral testimony: Patterson v. English, 71 Pa. 454; Gaston's Est., 188 Pa. 374, Knox's Est., 131 Pa. 220.

OPINION BY MR. JUSTICE POTTER, January 7, 1918:

Upon the trial of the issue in this case, the jury in answering questions submitted to them, found that the written paper offered for probate as the will of P. McGrory, deceased, was in his handwriting, but that he did not intend that it should take effect as his will.

The court below overruled a motion for judgment for plaintiffs non obstante veredicto, and entered judgment for defendant upon the verdict. Plaintiffs, two of the sisters of P. McGrory, the deceased, have appealed, alleging that the trial court erred in refusing binding instructions in their favor.

The writing in question is not testamentary in form, nor can testamentary intent be clearly derived from the instrument itself. It consists of a list of various items of property, some real and some personal, and it refers to certain policies of life insurance. The list was written upon the back of a stray sheet of paper, and near the bottom of the sheet is a column of figures, footed up, evidently intended to show the sum total of the value of the listed properties. About half way down the column of figures, and directly opposite one of the smaller items, the words "For Ev and Anna" appear, and below them, is the signature, P. McGrory. There is nothing on the paper to indicate whether it was the paper itself, as a memorandum, which was intended "for Ev and Anna," or whether the words were intended to apply to the properties as listed. Nor was there anything to show when "Ev and Anna" were to take whatever was intended for them.

The burden of proving testamentary intent was upon the proponents, and the court could not have given binding instructions upon the questions of fact arising out of the testimony, without invading the province of the jury.

The paper showed plainly the fact of an erasure, which was material, for it affects the words upon the paper which are essential to its validity as a will.  The proponents both testified that they saw their brother write the paper, and neither of them saw him making an erasure.  There was other testimony tending to show that it was made sometime afterward, and this is strengthened by an inspection of the paper itself.  The time at which the erasure was made, was clearly a question of fact for the jury, and the trial judge properly instructed them that, if they found as a fact that the erasure was made after the time when the paper was written and signed, there was no evidence that the paper, as changed, was ever declared by the decedent to be his will, and no competent evidence that he intended the paper, as it then stood, to be his will.

We find no merit in any of the assignments of error. They are all dismissed and the judgment is affirmed.

