## Duffel's Estate.

Argued January 15, 1935.   Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harry J. Gerber,* for appellant.

*Daniel B. Nodler,* with him *Abraham J. Levinson,* for appellee, were not heard.

PER CURIAM, February 4, 1935:

Reuben Duffel died January 22, 1933, a widower, with no children or remoter descendants, but leaving certain collateral relatives as his next of kin and heirs at law. By his will, dated November 18, 1932, he gave all of his property, after payment of his just debts and funeral expenses, to one Pauline Conrad, who also was named as executrix.   She was not related to him, but he had lived for years with her and her family.   It was stated at bar by counsel for appellant, that it is not contended the re-

lations between testator and Mrs. Conrad were in any respect improper.

In due course, one of the heirs at law contested the will, praying that "an issue be directed to try by a jury the following questions of fact: 1. Whether or not the said writing [to wit, the will above refered to] was procured by undue influence, duress and constraint practiced upon the said decedent by Pauline Conrad or her agents? 2. Whether or not the said writing is the will of the said decedent? [As this is not a question of fact only, it is not a proper subject for an issue devisavit vel non: Bitner v. Bitner, 65 Pa. 347.] 3. Whether or not at the time of the execution of the said writing the decedent was a person of sound mind?" A citation having been issued and served and a responsive answer filed, the case was duly heard before the learned president judge of the court below, who reported against the granting of an issue. Exceptions to his rulings and decision were duly filed, argued and dismissed, an order dismissing the petition for an issue was entered, and this appeal by contestant was then taken.

In addition to the usual general assignments of error because of the dismissal of the petition for an issue, there are eleven others complaining that the trial judge erred in sustaining proponent's objections to certain questions propounded by contestant to witnesses produced at the trial. As to these, it is sufficient to say that if the right to ask these questions had been sustained, and they had been answered as appellant doubtless wished they would be, all of them combined, together with the evidence actually admitted, would not have proved or even tended to prove, that the will "was procured by undue influence, duress and constraint practiced upon the said decedent by Pauline Conrad or her agents," or that "at the time of the execution of the [will] the decedent was a person of [unsound] mind." Hence, overruling those questions constituted at most harmless error, and therefore furnishes no ground for reversal: Pulling v. Yeager, 301 Pa.

7. As to some of these disallowed questions, if appellant had stated he proposed to follow them up with other evidence which would have tended to sustain the issues on his part, it is quite possible they would have been allowed, but he made no such statement.

So far as concerns the evidence actually admitted it is overwhelming in sustaining the will and testator's competency to make it.

The order of the court below is affirmed and the appeal is dismissed at the cost of appellant.