## Holland's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Earle Hepburn*, for exceptants.

*Francis Fisher Kane, Henry Temin*, and *Todd Daniel*, contra.

STEARNE, J., June 17, 1938. — The basic question is whether the paper offered for probate is testamentary. Where such paper is of doubtful character, and is not clearly testamentary upon its face, is the determination of animus testandi a question of fact for the jury, or wholly a matter of law for the court?

A jury, upon award of an issue devisavit vel non, found that decedent had signed the questioned paper, that the disputed word at the top of the paper was "will", but that decedent did not intend this document to be her last will and testament. Judgment was entered on the

verdict, and is unappealed. Upon the return of the record, the hearing judge, who awarded the issue, declined to accept the jury's verdict as to animus testandi. As a matter of law he has decided that the paper is testamentary in character. He reversed the decree of the register of wills refusing probate, and returned the record with direction to probate the paper as the will of decedent. Exceptions have been filed to this action, which are now before the court for determination.

Of one thing there can be no question: This soiled paper, written with lead pencil, blurred, with obvious alterations and partially illegible, discloses upon its face no clear testamentary character. Indeed, an examination of the document reveals real doubt as to its true character and purpose. The original paper is attached to the register's record. Photostatic copies may be found in various pleadings and court records.

Proponent deciphers the paper as follows:

Year 1923. Will.
Daughter Bell A. Hand,
10000 thound dollars
Lilly L. Holland
8,000 dollar
Eva Victoria Blish
8,000
Marie A. Hand, my
grant daughter
5,000
Lilly B. Marvel
200 hund dollars
Brother Charles
Shepheard 200 hund
dollars
Mary S. Holland

The register, in his opinion, describes the document as follows: "The writing on the paper is in lead pencil, and is blurred and partially illegible." It is "soiled and frag-

mentary". The appearance of an ill-defined word at the top of the instrument (which the jury found to be the word "will") is described by the register as follows: "[it] is crowded between the top of the page and the first line of the other text". Expert and lay witnesses before the register differed as to whether the word was "will". The register says "Scrutiny of the word indicates that the opinion of the experts and laymen must be mere conjecture, so indistinct is the writing". Again, "we are not persuaded by the evidence supporting the hypothesis that the disputed word is 'will'. Our own observation leaves us in serious doubt." Also, "some portions [of the document] were manifestly retraced or altered."

There are no dispositive words in the document. There is no plain disposition of decedent's property to take effect after her decease. The whole writing is so ambiguous in substance and appearance that it is most doubtful whether, from the paper itself, it can be determined that it is a testamentary disposition. Furthermore, the facts surrounding the discovery of the document, and all the other attending facts and circumstances, raise considerable question as to its real nature.

The register refused probate. He wrote, "It is possible that the case might have merited some different analysis of the evidence, had proponent asked the award of an issue *on the question of testamentary intent,* but the prayer is [solely] for probate".

Proponent, whose name appears on the questioned paper, appealed from the decision of the register refusing probate. She prayed for an issue devisavit vel non to have the four questions of fact (above indicated) determined by a jury. After a hearing, the presiding judge granted the issue prayed for. He ruled that "a substantial dispute existed upon a material matter of fact." The jury found, as above indicated, that the indistinct word at the top of the paper was "will", that the signature was genuine, but that decedent did not intend the document to be her will.

The sole question, therefore, is whether the presiding judge was correct in declining to accept the verdict of the jury, and in directing the probate of the paper.

Ascertainment of testamentary intent ordinarily is a matter of interpretation of language and is a question of law for the court: Tranor's Estate, 324 Pa. 263; Zell's Estate, 329 Pa. 312. This only applies, however, where the testamentary character of the instrument is apparent on its face; Tranor's Estate, supra; Zell's Estate, supra. Thus in Tranor's Estate the paper was dated; commenced "Last will and Testament" (of decedent) ; used the words "I bequeath"; the "residuary of my estate"; appointed an "Eyeuter"; and was signed and witnessed by three individuals. The jury found that the signature was genuine. Thereafter it was held to be a question of law for the court whether the paper was testamentary in character. It was error, in those circumstances, to submit to the jury a "legal conclusion" as to whether the paper was the will of decedent. In Zell's Estate the writing took the form of an affidavit. Obviously "the testamentary character of the instrument . . . [was] apparent on its face". It was held that the determination was a matter of law for the court.

Where, however, there is doubt as to the character of the paper, or where the document does not clearly disclose testamentary intent upon its face, the burden of proving animus testandi rests upon proponents. In such case an issue devisavit vel non is properly awarded in order that a jury may determine the character of the paper offered as a will: McGrory et al. v. Fisher, 260 Pa. 152. An examination of the photostatic copy of the paper attached to the paper books in that case discloses an equivocal paper not wholly dissimilar to the present disputed document. An issue was awarded by the orphans' court to the common pleas, to be tried by a jury, to determine two questions of fact: (1) Was the document in decedent's handwriting; and (2) did decedent intend the

writing to take effect as his will? That jury, as in the instant case, decided that the document was in decedent's handwriting but that he did not intend it as his will. The verdict of the jury was affirmed by the Supreme Court. In O'Connor's Estate, 273 Pa. 391, a decedent executed a will in regular form. On the same day decedent and his wife (beneficiary under the will) executed a paper in the form of an agreement wherein the wife agreed to transfer to trustees the estate given her by the will. Both papers were probated as the will of decedent. Upon appeal the action of the register was reversed. It was held, as a matter of law, that the agreement was not testamentary in effect, and formed no part of the will. What Mr. Justice Simpson wrote, however, has particular application to the present problem. He said (p. 397):

*"The conclusion thus reached [i. e. that the agreement was not a will] obviates the necessity for weighing the extrinsic evidence, as we would be required to do if we were left in doubt as to the character of the paper (Kisecker's Est., 190 Pa. 476)".* (Italics supplied).

That parol evidence is admissible as to testamentary nature of the instrument when there is sufficient doubt as to character of the paper see McCune's Estate, 265 Pa. 523, 527. There the paper clearly was not testamentary in character. An issue was refused. Animus testandi may not be established "where . . . *the testamentary character of an instrument [is] absolutely free from ambiguity on its face".* (Italics supplied). Text books have adopted these principles: Gardner on Wills (2d ed.) p. 22:

"Where there is nothing upon the face of the instrument to raise doubt as to its character, and it is executed with the formalities required in the case of wills, no parol evidence can be received to control the plain scope and character of the instrument. *Where, however, the instrument itself suggests uncertainty as to its character,* parol evidence may be received of all facts and circum-

stances which are calculated to shed light upon the incentive by which the maker was actuated, and which he intended to express, in making the instrument in question." (Italics supplied).

Hutton on Wills in Pennsylvania, p. 174:

"Testamentary intent is a matter of law for the Court in all instances but if facts relied upon to show testamentary intent are in dispute the case will go to the jury upon proper instruction from the Court."

In arriving at animus testandi the court is not limited to an examination of the document itself, but may consider the surrounding circumstances: 68 C. J. 605, sec. 225.

An instrument in the form of a will, executed with all due formalities, nevertheless may, by parol, be proved not to be a will because lacking animus testandi: Examples are compulsion, fraud, accident, mistake, specimen, guide, part of a ceremonial, etc.: 68 C. J. 606; Jarman on Wills (7th ed.) p. 32.

We are convinced that the action of the hearing judge was error. There exists a real doubt as to the character of the paper. It does not clearly disclose upon its face testamentary intent. The hearing judge, in awarding the issue, decided that a "substantial dispute" existed. In such circumstances, under the decisions herein cited and discussed, the question of animus testandi was clearly a question of fact to be decided by a jury.

We have examined with some care the testimony and charge of the court at the trial in the common pleas. In our opinion the evidence of all the facts and surrounding circumstances clearly justified the verdict. There were many suspicious circumstances; the character of the writing and its materials, the alterations, the method of preservation, and the surrounding facts and circumstances all tended to establish the absence of testamentary intent.

But irrespective of our view as to the sufficiency of the evidence to sustain a verdict, such verdict remains un-

disturbed. This court determined that a substantial dispute of fact existed and awarded the issue. The jury's finding must be accepted as conclusive: Cross' Estate, 278 Pa. 170, 181.

*"When issues in a contested will case are sent for trial to the common pleas, the facts found must be accepted by the orphans' court as conclusively established, so long as the verdict of the jury stands undisturbed."* (Italics supplied.)

The exceptions are sustained; the decree sustaining the appeal is reversed; the appeal is dismissed, and the record is remitted to the register.