**Conley Estate**

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Fox, Rothschild, O'Brien and Frankel,* for contestants.

*Daniel I. Murphy* and *William L. McLaughlin,* for proponents.

KLEIN, P. J., June 25, 1958. — Joseph G. Conley, testator's nephew, filed an appeal from the decree of the register of wills admitting decedent's will to probate. On April 21, 1958, this court entered a decree sustaining preliminary objections pro forma and granting contestant leave to file an amended petition. An amended petition was filed and preliminary objections thereto are now before us.

So many procedural mistakes have been made by the parties to these proceedings that we are compelled to comment upon them.

In the original petition, as well as in the amended petition, contestant asks for an issue directed to try by a jury a single question: "Whether or not the certain writing dated May 10, 1957, is the Last Will and Testament of John T. Conley, deceased."

This is a mixed question of law and fact and is not a proper question to submit to a jury. The issues to be submitted to a jury for determination must be limited solely to questions of fact: Phillip's Estate, 299 Pa. 415 (1930); Duffel's Estate, 317 Pa. 214 (1935); Tranor's Estate, 324 Pa. 263 (1936); Buhan v. Keslar, 328 Pa. 312, 314 (1937); Griffith Will, 358 Pa. 474 (1948).

The amended petition filed by contestant is entitled "Amended Petition for Citation" and concludes with a prayer that the court "award a Citation directed to all parties interested in the decedent's estate. . . ." This was error.

A large volume of the work in the orphans' court consists of auditing the accounts of fiduciaries and passing upon petitions in ex parte proceedings. Such matters are acted upon by the court merely upon notice to the parties in interest. Adversary proceedings, however, are instituted by means of a citation. See Remick's Orphans' Court Practice (4th Ed.) Vol. 2, p. 959; Gangloff's Estate, 42 D. & C. 666 (1941); Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 704. This constitutes the process in probate courts and is analogous to a writ of summons in law: Sacks v. Superior Court, 88 Cal. App. 2d 808, 199 P. 2d 396, (1949). Its purpose is to give the court jurisdiction over the parties and thus enable it to act in the matter.

If the citation is properly served on respondents prior to the return day, the jurisdiction of the court attaches and no further process need be issued. If any of the respondents have not been so served with the original citation, it becomes necessary to issue an alias citation, and sometimes even a pluries citation, to bring the parties before the court.

In the present case the affidavit of service filed by counsel for contestant indicates that service of the citation has been made on all of the respondents. Hence it was not necessary to request the issuance of a citation in the amended petition.

Five of the six persons named as respondents by petitioner are represented by counsel. Although these attorneys did not enter formal appearances, which is always preferable in adversary proceedings, service

of the amended petition could properly have been made upon them on behalf of the respondents for whom they are acting. The other respondent, Richard G. Conley, is not represented by counsel. Contestant should have requested permission to serve the amended petition upon him personally or by registered mail directed to his place of residence, as was done in the original petition for citation.

The will in the present case is written on two sheets of paper. The principal contention of contestant is that these sheets "were discovered among decedent's personal effects after his death but were not located in the same place or then attached together." He avers, further, that: "The said papers were thereafter stapled together either in the office of the Coroner or in the office of the Register of Wills when same were presented for probate."

The law is settled in Pennsylvania that a valid will may be written on separate, not physically united, sheets of paper, only the last of which need be signed, if they are "connected by their internal sense, by coherence or adaptation of parts": Covington Estate, 348 Pa. 1 (1943).

The burden rests with contestant to establish that proponents have not met this test. The averments in the amended petition are vague and uncertain. They lack the certainty necessary to enable respondents to make proper answer thereto. They are so broad that the burden of investigating the facts, in the first instance, would be placed upon proponents, rather than upon contestant, where it belongs. We do not look with favor upon such pleadings, as it would encourage litigation based upon suspicion and conjecture rather than upon facts. See Rosenthal's Estate, 339 Pa. 488 (1940).

Respondent's preliminary objections to the amended petition constitute a hybrid pleading. Although called

preliminary objections they combine a motion for more specific pleadings with a demurrer. In Cardeza's Estate, 51 D. & C. 461 (1944), Hunter, J., of this court, said: "A demurrer is improper practice, having been abolished by Pennsylvania Equity Rule 15. Preliminary objections are substituted therefore by Equity Rule 48. . . ." To the same effect see Vassilakes v. Vassilakes, 371 Pa. 268, 271 (1952). No provision is made for a demurrer, or a motion for more specific pleadings in the Orphans' Court Rules now in effect. See Local Rule 32.1. All questions of law are now raised by preliminary objections.

We accordingly enter the following

### Decree

And now, June 25, 1958, the preliminary objections are dismissed. Leave is granted to contestant to further amend his petition within 30 days and to proceed in accordance with the directions contained in this opinion.