## Richards Will.

6

Argued January 19, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*H. Ober Hess,* with him *Benjamin R. Neilson, Alan M. Hawman, Jr.,* and *Ballard, Spahr, Andrews & Ingersoll,* for appellants.

*Clinton J. Najarian* and *Joseph E. DeSantis,* with them *David H. Roland, David J. Batdorf,* and *Balmer, Mogel, Speidel & Roland,* and *Stevens & Lee,* and *McGavin, DeSantis & Koch,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, April 22, 1970:

This appeal raises the question of whether the hereinafter-quoted holographic writing is a will.

Maud T. Richards died on August 9, 1967. Two days later Miriam Becker, the decedent's niece, petitioned the Register of Wills for letters of administration c.t.a. and offered for probate an undated document which purported to be decedent's will. It was written on the back of an envelope, and read as follows:

"Will

Notify Miriam Becker to take care of me
and my things for her use if I pass away

Maud T. Richards"

This will,* which had been in the possession of Miriam Becker for over six months prior to Mrs. Richards' death, was admitted to probate by the Register of Wills.

Thereafter, an appeal was taken from the probate of that document on the ground* that a later writing dated August 3, 1967 represented the decedent's last will. This last-mentioned writing consisted of five handwritten pages which (1) merely listed item after item of household furnishings and personal effects, and (2) then concluded with the following language: "Mr. Roland this is the list you ask for *come as soon as you can I want to make a will.*** I want George Tobias to have $15,000.00 for your kindness Mr. Roland you shall have $3,000.00 and the rest of my estate I give to the three sisters Anna Z. Good, Dorothy Zerbe and Helen Zerbe. Maud Richards."

After a hearing concerning the facts and circumstances pertaining to the August 3, 1967 writing, the Orphans' Court Division of the Court of Common Pleas concluded that the writing was not testamentary in character and dismissed the appeal from the probate of the above-quoted short will. From this decree, Anna Zerbe Good, Dorothy Zerbe and Helen Zerbe took this appeal.

The record discloses the following facts: On December 4, 1966, Maud Richards entered a nursing home in Lancaster County which the appellants (the Zerbe sisters) operate for the benefit of persons who are physi-

---

\* The only challenge to this probated document is that it was overcome by a later will.

\*\* Italics throughout, ours.

cally or mentally unable to take care of themselves. Prior to this time, Maud Richards had been a patient at the Wernersville State Hospital. Some time in the spring of 1967, Attorney David Roland received a telephone call from Helen Zerbe, who stated that Maud Richards wished to confer with a lawyer. Mr. Roland suggested that the request be made by letter. This was done, and in response thereto Roland, on May 3, 1967, conferred with Maud Richards at the nursing home in the presence of Helen Zerbe. *Roland testified* that various matters were discussed at this meeting, including the preparation of a will, but *that Mrs. Richards at that time was undecided as to how to leave her property.* Also discussed at this meeting was Mrs. Richards' concern about the handling of her property by her niece Miriam Becker, who managed her affairs under a power of attorney. Subsequent to this visit, Roland spoke with counsel for Miriam Becker concerning her management of Mrs. Richards' affairs.

On July 7, 1967, Roland paid a second visit to Mrs. Richards at the nursing home; at this meeting, or conference, Helen Zerbe was also present. Roland requested Mrs. Richards to prepare a list of the household furnishings that had been in her former home in Margate City, New Jersey. Mrs. Richards evidently was concerned with the whereabouts of these household furnishings. *When the question of a will arose, Mrs. Richards was still undecided as to how to leave her property.* Roland testified that Mrs. Richards had an accurate knowledge of her property, knew who her heirs were, and in his opinion had testamentary capacity to make a will. Roland further testified that after he left Mrs. Richards on this second visit, Helen Zerbe accompanied him down the stairs and out of the building, ". . . and she discussed with me that if Mrs. Richards did not know where she wanted to leave her property, I should suggest the Zerbe Sisters since they had taken

carc of Mrs. Richards in the last number of months, but I made no reply to that." Mrs. Richards, during the latter part of her stay in the nursing home, had evidently shared a room with the mother of the appellants.

On August 5, 1967, Roland went on his vacation, as he had previously told Mrs. Richards he would. On August 9, 1967, Mrs. Richards died at the Zerbe nursing home at the age of 72.

After Roland returned from his vacation, which was after Miriam Becker had offered for probate the above-quoted short will, he asked Helen Zerbe to search for any papers that belonged to Mrs. Richards. The above-mentioned August 3, 1967 writing was found by Helen Zerbe in an envelope which Roland had earlier used to enclose a letter to Mrs. Richards. This envelope was in a plastic bag inside a shoebox together with other papers in Mrs. Richards' closet. All of these papers were sent to Roland, and subsequently to the Zerbe sisters, who appealed from the probate of the earlier will.*

The issue for our determination is, of course, whether the August 3, 1967 writing represents merely instructions by Mrs. Richards to her lawyer for the preparation of a will or is a valid will which would supersede and revoke the earlier testamentary document probated by Miriam Becker. See, *Crooks Estate,* 388 Pa. 125, 130 A. 2d 185; *Johnson Estate,* 435 Pa. 303, 255 A. 2d 571.

After a study of the August 3, 1967 writing, and of the appellants' brief and the cases cited therein, we are convinced that Mrs. Richards did not consider or intend that writing to be her will, but intended it to be merely directions to David Roland to prepare a written

---

* We note parenthetically that David Roland testified that he had assigned to Miriam Becker any interest that he may have had in the August 3, 1967 writing, and he has participated in this litigation in support of the proponents of the earlier writing.

10

instrument which would become her will in the future, if and when she approved and signed it.

Decree affirmed; costs on appellants.

Mr. Justice POMEROY dissents on the basis of *Kauffman Will,* 365 Pa. 555 (1950), *Wenz's Estate,* 345 Pa. 393 (1942), and *Scott's Estate (No. 1),* 147 Pa. 89 (1892).