Moore Will.

Argued March 22, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS and BARBIERI, JJ.

*George H. Hancher,* with him *Barletta & Hancher,* for appellants.

*Phillip E. Morris,* with him *Thomas F. Nelson, David A. Brownlee,* and *Morris and McKim,* and *Kirpatrick, Lockhart, Johnson & Hutchison,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, June 1, 1971:

The question in this appeal is whether a writing executed by decedent is a codicil to an existing will and should have been admitted to probate, or merely a nontestamentary letter, or a draft of a letter from the decedent to her attorney.

Decedent, Edith B. Moore, died testate on December 24, 1965, in Ellwood City, Pennsylvania. Her will dated July 13, 1959, was duly probated. A document dated May 3, 1964, purporting to be a codicil to this will was also offered for probate, along with proof of the decedent's signature thereon. Decedent's will was found in her safe deposit box in her bank and the alleged codicil in a safe in her home. The alleged codicil reads:

"May 3-1964.

"Mr. Thomas P. Johnson;

Lawrence Savings & Trust Co.:

*"I wish to change*\* Article 2 of my Will dated July 13-1959 to read:

" 'I give and bequeath to my sister, Florence B. Hoover, all of my personal effects, jewelry, clothing, automobile, also property on Park Avenue including house and entire contents of house.

*"Also, add to my Will*—Max Leon Hoover to receive 5000 shares of Mathews Conveyor Company stock, and all of my 'E' Bonds to be turned over to him, in addition to amount specified in Will.

*"$1000.00 Mrs. Jos. Payuk.*

"(s) Edith B. Moore,
Elwood City, Pa.
May 3-1964."

---

\* Italics throughout ours.

At the hearing below, counsel for all the parties stipulated that the issue for the Court's determination was whether the writing dated May 3, 1964 offered for probate was testamentary as a matter of law, nontestamentary as a matter of law, or ambiguous, in which case extrinsic evidence was to be considered to resolve the ambiguity. Extrinsic evidence was taken subject to the objection of both the contestants and the proponents of the alleged codicil, although for different reasons. The Court ultimately held *as a matter of law* that the writing was *non*testamentary, but that even if the writing was deemed to be ambiguous, the extrinsic evidence failed to establish that it was testamentary.

We have often said that no will has a twin brother,* and since we believe that no prior decision governs this case or this written document, we deem it unnecessary to review our prior decisions. It will suffice to say that if a further or additional act or writing is contemplated by an alleged testatrix in order to make a written document her (or his) will or codicil, the writing is *nontestamentary* in nature. *Richards Will,* 439 Pa. 5, 264 A. 2d 658.

The label or form or nature or character of the document, although a factor to be considered, is not determinative of whether it will be effective as a testamentary disposition, and consequently an *informal* document or writing can be a will or codicil if the language suffices to show a testamentary intent. *Fick Will,* 418 Pa. 352, 211 A. 2d 425, and numerous cases cited therein.

However, extrinsic evidence of testamentary intent is inadmissible where a writing is clearly a will; it is only where there is a real doubt or real ambiguity as to the character of the writing and the intent of the de-

---

* See, e.g., *Carter Estate,* 435 Pa. 492, 500, 257 A. 2d 843; *Clark v. Clark,* 411 Pa. 251, 191 A. 2d 417.

cedent as expressed therein, that extrinsic evidence will be admissible to show the intent of the decedent. In other words, if the paper sought to be probated is free from ambiguity on its face, extrinsic evidence as to the maker's intention is inadmissible. *Thompson Will,* 375 Pa. 193, 100 A. 2d 69; *Kauffman Will,* 365 Pa. 555, 76 A. 2d 414; *McCune's Estate,* 265 Pa. 523, 109 Atl. 156; *McGrory v. Fisher,* 260 Pa. 152, 103 Atl. 589.

We have carefully reviewed the able briefs which were submitted and the entire record. We agree with the lower Court's interpretation of this instrument— it is a letter of instructions to her attorney, Thomas P. Johnson, to change her will—it is not a codicil or intended as such. Moreover, we further agree with the lower Court that even if the document were considered so ambiguous as to permit parol evidence, the evidence presented by the proponents falls short of establishing that testatrix intended this to be a codicil.

Decree affirmed, each party to bear own costs.

Mr. Justice JONES and Mr. Justice ROBERTS dissent.

Mr. Justice POMEROY took no part in the consideration or decision of this case.