## Murphy Estate

*Hyman Lovitz*, for appellant.
*David Ackerman*, of *Diamond, Polsky & Bauer*, contra.

PAWELEC, *J.*, March 4, 1976—Edith H. Murphy, decedent, executed a will dated July 18, 1970, and a codicil thereto dated December 21, 1974. She died on December 31, 1974. The will and codicil were admitted to probate on January 13, 1975. More than three months later, Rebecca Kenney offered for probate a writing dated November 29, 1974, as a codicil to the will of decedent. The register refused probate, and this appeal followed. The question before the court at this time is whether the decree of probate of the will and codicil of Edith H. Murphy, deceased, should be opened to permit the writing dated November 29, 1974, to be offered for probate.

Section 3138 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508 (No. 164), 20 Pa.C.S. §3138, provides that the register, after notice, may open the probate record to receive proof concerning a later will or codicil submitted within three months of testator's death. After that time, the register is without power to revoke probate or letters testamentary and an appeal to the Orphans' Court from the original decree is the only remedy: Steiger Estate, 16 D. & C. 2d 79 (1958).

The general procedure in the ordinary case where an appeal from probate is taken for the sole purpose of enabling the register to pass upon an alleged later will has been for the appellant to present suffi-

cient evidence to establish a prima facie case. This is done by having two witnesses prove the signature of testator and where the alleged will is not dated, the establishment of the later date: Doran Estate, 65 D. & C. 227 (1948). If there is a question as to the testamentary character of the instrument, this also must be established prima facie: Lohr Estate, 35 D. & C. 2d 311 (1964); Steiger Estate, supra.

Here, there is no dispute as to the fact that the offered writing, dated November 29, 1974, contains the signature of decedent and was executed on that date. However, respondents argue (1) that the writing is not testamentary in character, and (2) it was not intended to be a codicil since it was revoked by the codicil of December 21, 1974, which has been admitted to probate and from which no appeal has been taken.

The first question before the court is the admissibility of parol evidence to explain the offered writing and the intent of testatrix. The law on this issue was enunciated by the Supreme Court in Moore Will, 443 Pa. 477, at 479, 480, 277 A. 2d 825 (1971).

". . .[E]xtrinsic evidence of testamentary intent is inadmissible where a writing is clearly a will; it is only where there is a real doubt or real ambiguity as to the character of the writing and the intent of the decedent as expressed therein, that extrinsic evidence will be admissible to show the intent of the decedent. In other words, if the paper sought to be probated is free from ambiguity on its face, extrinsic evidence as to the maker's intention is inadmissible. . ."

See also Kauffman Will, 365 Pa. 555, 76 A. 2d 414 (1950).

There is no dispute as to the fact that Rebecca Kenney, appellant, actually wrote the entire docu-

ment and that testatrix affixed her signature thereto. The writing in question reads as follows

"Dear Miss Maletz

"would you please pay Rebecca Kenney the sum of $100.00 a week for a extended perild of time. she have work faithfully 14 year at my Death (illegible)[1] shoulg to be paid $5000. She have a family to support.

> Truly yours
> (signature)"

Rebecca Kenney was asked to read the same document during the course of her testimony and she read it as follows

"Dear Miss Maletz: Would you please pay Rebecca Kenney the sum of $100.00 a week for an extended period of time. She has worked faithful for 14 years. At my death I should like to be—I would like her—I should like her to have—to be paid $5,000. She has a family to support. Truly yours. And she signed it there."

It is obvious that this writing is not free from ambiguity. Therefore, parol evidence is admissible. Appellant testified in her own behalf. She testified as to the execution of the writing. She also testified for the purpose of proving the testamentary character of the writing. Her testimony in this regard is not persuasive. Appellant also called Kathleen Maletz, a trust officer of the Girard Trust Bank assigned to the Personal Trust Department, as a witness. Miss Maletz identified herself as the administrator of a trust created by Walter B. Murphy, of which decedent, Edith H. Murphy, was a beneficiary.[2]

---

1. The illegible item appears to be the letter "I".

2. The relevant provisions of this trust provided that Edith H. Murphy had a life estate in the net income and the trustee was given discretion to invade principal for her welfare, comfort, maintenance and support. Testatrix had no power of appointment. There were specific gifts over after her death.

The testimony of Miss Maletz can be summarized as follows. She met decedent for the first time in the fall of 1974. At that time she had just been assigned the administration of the Murphy Trust and she and her predecessor went to Miss Murphy's residence so that she could personally meet the current beneficiary of this trust. She was introduced as the new trust officer and she did discuss the trust with Edith Murphy. She stated that the trust was paying bills of Miss Murphy upon her request. She had with her two pieces of correspondence from Edith Murphy addressed to her enclosing certain bills for payment. These were admitted into evidence.

After examining the writing in question, its form, its language, the parol evidence and the entire record, I conclude that it is not testamentary in character. The evidence indicates that testatrix knew that she was the beneficiary of the trust created by her brother. She knew she received money from the trust and funds from the trust were used to pay bills that she submitted for payment. She knew Miss Maletz to be the administrator of the trust and the person to whom she submitted bills for payment. Thus, I find this writing to be an attempt by testatrix to direct the payment of money from the trust administered by Miss Maletz. Also, the codicil which has been probated is indicative of the intent of testatrix as to the writing in question. The probated codicil specifically states that it is the sole codicil to the will. If testatrix designated that as her sole codicil, then certainly she did not consider the writing in question as a codicil to her will.

The question of revocation by implication has not been considered as that is a question of distribution rather than probate.

Accordingly, the following decree is entered

## DECREE

And now, March 4, 1976, the appeal of Rebecca Kenney is dismissed, and the record is remanded back to the Register of Wills.