## Azinger Will

Before Zavarella, A. J., Watson, Eunice Ross, Schwartz and Rahauser, JJ.

*Robert J. Dodds, III*, for exceptant.

*Arnold D. Wilner*, contra.

OPINION BY EUNICE ROSS, J., JUNE 24, 1981:

Before the court en banc are exceptions filed by Carnegie Mellon University to the opinion dated May 1, 1981, and order wherein the Honorable J. Warren Watson dismissed exceptant's appeal from probate of an instrument designated as a

codicil to decedent's will.

Decedent Elsie M. Azinger died September 12, 1980. Her probated will dated March 29, 1977, left *inter alia* ten per cent of her residuary estate to exceptant.

The probated codicil in controversy was written one week before her death and was in the form of a handwritten letter to her attorney, Arnold D. Wilner, Esq. It was dated September 5, 1980, and signed by decedent at the end. It stated:

"Dear Mr. Wilner,

"I have run into a serious health problem and would like to make a few changes in my will. If a new will is necessary, please do so and send to me at North Hills Passavant Hospital with your bill for services.

"First of all, I would like my nephew . . . to work with you as executor . . .

"My home I still want to leave to my sister. . . . The contents of house to my niece, Judith Ann Hazle Novak and my sister Marie Ottmeier Hayele.

"The balance of the estate as follows:"

and then decedent made percentage gifts totaling 100% to eight relatives.

Decedent concluded, "You may call me at the hospital for further information."

In the margin beside the percentage residuary gifts she wrote, "Please note crossed off Carnegie Mellon University."

Is the letter intended to be a testamentary document or did decedent intend it to be only instructions to an attorney?

Ordinarily in the absence of a contrary intent, a letter written to an attorney giving instructions for the preparation of a testamentary document is not considered to be a testamentary writing but rather to be directions to prepare a testamentary document: *Moore Will*, 443 Pa. 477, 480; *Fick Will*, 418 Pa. 352, 354; *Willings Est.*, 212 Pa. 136, 137. A letter without the *animus testandi* cannot be a will: *North v. Stein's Lessee*, 3 Yeates 323. A letter to an attorney with testamentary intent as shown by extrinsic evidence may be a will or codicil to such: *Scott's Est.*, 147 Pa. 89, 92; *Kruk's Est.*, 95 Pitts. 245.

Testamentary intent is determined from the writing, its form and language and extrinsic evidence of the circumstances surrounding decedent: *Estate of Logan*, 489 Pa. 29, 31; *Kauffman's Will*, 365 Pa. 555, 558; *Barker Est.*, 4 FIDUC. REP. 109, 112.

Can testamentary intent be found here? The crux of decedent's intent lies in her statements. "I would like to make a few changes in my will. *If a new will is necessary,* please do so and send it to me," (emphasis supplied) and in her explanation of her health problem. Her letter changed her will only in respect to the statement about her nephew's aiding her executor, in cutting out the bequest to the university and in enhancing the other residuary gifts proportionately.

It is clear decedent was not unconditionally telling her attorney to prepare a new will in accordance with new instructions. She was conditionally directing him to prepare one *only if such were necessary.* Thus, if a new will were unnecessary, she was telling him not to prepare a new will. Therefore, if the letter was sufficient and no new will was necessary, Mr. Wilner was not to prepare one. Decedent intended the document to be testamentary unless it was legally insufficient.

Was the letter adequate to make the necessary alterations to the original will? It was a document in writing and signed at the end in accordance with section 2502, Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa. C.S.A. §2502. It disposed of property as of the time of decedent's death and thus had testamentary intent: *Lewis Est.,* 139 Pa. Super. 83, 85. The letter referred to the circumstances surrounding decedent, her confinement in the hospital for health reasons, which would explain her failure to give instructions for a new will necessitating future execution unless such were absolutely required. It was not required.

The register called the letter a codicil no doubt because there was no expressed intent to revoke the entire will but rather only to modify it as to the residuary gifts: *Lee's Est.,* 16 Pa. Super. 627, 628. The hearing judge called the letter a will. The letter could have been probated alone but has more meaning in its reference to the executor when read together with the probated will. In any event whether the document is treated as a supplement to the will or as its replacement, the end result is the same. The gift to the university is reduced.

The hearing judge should be sustained.